Filed: September 18, 2018 Motion for Rehearing and/or Transfer to Supreme Court Denied October 22, 2018
ATTORNEYS FOR RESPONDENT: Joshua D. Hawley, Attorney General, Julia E. Neidhardt, Asst. Attorney General, P. O. Box 899, Jefferson City, MO 65102.
ROBERT G. DOWD, JR., Judge *69 Jason Lampkin ("Movant") appeals from the judgment denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Because we find Movant's amended motion was untimely, we reverse and remand to the motion court to determine whether Movant was abandoned by post-conviction counsel.
In a substitute indictment, Movant was charged as a prior offender with two counts of first-degree murder, three counts of armed criminal action and one count of first-degree assault. Movant pleaded guilty in exchange for the State's agreement to amend the first-degree murder charges to second-degree murder and to recommend a sentence of twenty-five years on each count, with sentences to be served concurrently. The trial court accepted Movant's guilty plea, and Movant was sentenced to twenty-five years' imprisonment for each count of second-degree murder and armed criminal action and to fifteen years' imprisonment for first-degree assault with all counts to be served concurrently. Movant did not file a direct appeal.
Movant timely filed his pro se post-conviction motion on October 9, 2015, alleging four separate claims for vacating, setting aside or correcting his conviction and sentence. Copies of the transcript of the plea and sentencing proceedings were filed on December 22, 2015. On December 30, 2015, post-conviction counsel filed an entry of appearance on behalf of Movant as well as a motion requesting thirty additional days to file an amended motion, but the record does not indicate any ruling by the court on that motion. On March 23, 2016, Movant's amended motion was filed, asserting only one claim, that his guilty pleas were involuntary because he was coerced.
On March 28, 2017, Movant filed a motion to compel findings of fact and conclusions of law since the motion court had not yet ruled on the amended motion. On May 5, 2017, Movant also filed a motion requesting the court to consider his amended motion as timely filed. In that motion, post-conviction counsel acknowledged that the amended motion was untimely but asserted Movant was not at fault and blamed the untimeliness on her failure to ascertain whether the motion court had granted her request for an extension of time to file the amended motion. The motion court granted this request by simply signing and dating the motion of May 23, 2017, and the record reflects no further inquiry into potential abandonment.
On November 13, 2017, the motion court entered its findings of fact and conclusions of law, denying the post-conviction claim raised in Movant's amended motion. With respect to the timeliness of Movant's post-conviction motion, the court noted that the post-conviction counsel failed to file an amended motion within sixty days of the filing of the transcript and added, "This Court has already ruled that it will accept the untimely filed amended motion pursuant to Sanders v. State , 807 S.W.2d 493 (Mo. banc 1992)." There were no further findings or conclusions relative to abandonment.
Before reaching the merits of Movant's appeal, we must determine if this case should be remanded for an inquiry *70 into abandonment by post-conviction counsel, even if the issue is not raised by either party. Childers v. State , 462 S.W.3d 825, 827 (Mo. App. E.D. 2015). Here, both Movant and the State note in their briefs that the motion court granted post-conviction counsel's request to consider the amended motion timely filed, but neither party otherwise addresses potential abandonment. Upon our review of the record, if we determine that the amended motion is untimely but there has been no independent inquiry into abandonment, then we must remand the case to the motion court for such inquiry. Id. While it is our duty to enforce the mandatory timelines in the post-conviction rules, "the motion court is the appropriate forum to conduct such an inquiry into abandonment." Id. (internal quotation marks omitted).
Rule 24.035(g) provides that if no appeal of the judgment sought to be vacated is taken, the amended motion shall be filed within sixty days of the earlier of:
(1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
The motion court can grant one additional extension not to exceed thirty days. Rule 24.035(g). Here, complete transcripts were filed on December 22, 2015. There is no record of counsel being appointed, but post-conviction counsel entered her appearance on December 30, 2015. Accordingly, the time for filing the amended motion began to run when the public defender filed her entry of appearance on December 30, 2015, under Rule 24.035(g)(2). See Watson v. State , 536 S.W.3d 716, 718 (Mo. banc 2018) ("[B]ecause no public defender was appointed, the time for filing the amended motion began to run ... when the special public defender filed her entry of appearance...."); see also Creighton v. State , 520 S.W.3d 416, 421 (Mo. banc 2017) (noting that when there is no appointment of counsel, movant's counsel "unquestionably qualifies as 'any counsel that is not appointed but who enters an appearance on behalf of the movant' " such that the filing period for the amended motion commenced when movant's public defender entered his appearance). Absent the motion court granting an extension for up thirty days, the amended motion in this case was due on February 28, 2016, sixty days from the December 30, 2015 entry of appearance. Post-conviction counsel filed a motion requesting an additional thirty days, but there is no record that the motion was granted. "[E]xtensions will not be presumed to have been granted without a record thereof." Childers , 462 S.W.3d at 828. Accordingly, Movant's amended motion was due February 28, 2016, and untimely filed on March 23, 2016.
"The filing deadlines for post-conviction relief are mandatory, and cannot be waived." Watson , 536 S.W.3d at 717 (internal quotation marks omitted). Failure to timely file an amended motion raises a presumption of abandonment and requires the motion court to conduct an independent inquiry into whether movant was in fact abandoned by post-conviction counsel. Guerra-Hernandez v. State , 548 S.W.3d 368, 371 (Mo. App. E.D. 2018). The motion court must conduct this inquiry to determine if the merits of the amended motion should be considered. Id. If the independent inquiry reveals that the movant was not abandoned by post-conviction counsel, the motion court should adjudicate only the movant's initial pro se post-conviction motion. Id.
*71 When the motion court fails to conduct this independent inquiry, we must reverse and remand for a determination of the abandonment issue. Id. As part of its independent inquiry, the motion court "should inquire not only of post-conviction counsel, but should also ensure the movant is informed of counsel's response and be given an opportunity to reply." Id. "The method of making this inquiry is left to the discretion of the trial court, but a sufficient record must be made to demonstrate on appeal the motion court's determination on the abandonment issue is not clearly erroneous." Id. In addition, "[r]ubber stamping appointed counsel's motion [to consider the amended motion timely filed] is not a sufficient inquiry and does not provide a sufficient record to demonstrate on appeal that the motion court's abandonment issue determination is not clearly erroneous." Id. at 372.
Here, the motion court "rubber stamped" post-conviction counsel's motion to consider the amended motion timely filed by simply signing and dating it. There is no indication in the record of any further independent inquiry or any contact with Movant on this issue. Accordingly, the record does not sufficiently demonstrate that the motion court's determination on abandonment is not clearly erroneous, and the case must be reversed and remanded to the motion court for a sufficient, independent inquiry on abandonment.[1] See Guerra-Hernandez , 548 S.W.3d at 372.
For the reasons stated above, we reverse and remand to the motion court for proceedings consistent with this opinion.
There is an exception to the abandonment inquiry, and remand is not necessary when the claims in movant's pro se motion are incorporated into, and thus adjudicated along with, the amended motion. Guerra-Hernandez , 548 S.W.3d at 371. This exception does not apply in cases like this one where there are significant differences between the pro se and amended motions. See id. Here, Movant alleged four separate claims for vacating his conviction and sentence in his pro se post-conviction motion while the amended motion asserted only one claim, that his guilty pleas were involuntary because they were coerced. The motion court also only made findings and conclusions relative to the single claim contained in the amended motion.
We are also aware of the decision in Gale v. State , 508 S.W.3d 128, 130 (Mo. App. S.D. 2016), in which the movant's amended motion was also untimely and post-conviction counsel filed a motion to consider the amended motion timely filed. In his motion to consider the amended motion timely filed, post-conviction counsel asserted under oath that the late filing of the amended motion was not the movant's fault but was the result of post-conviction counsel's late receipt of the notice of appointment of counsel. Id. The motion court granted the motion to consider the amended motion timely filed and denied the amended motion following an evidentiary hearing. Id. The Southern District held that the motion court "implicitly credited" post-conviction counsel's statements in his timeliness motion and "determined that the late filing of the amended motion was not due to Movant's negligence or intentional failure to act." Id. The Southern District further found "the record sufficient to determine that these implicit findings were not clearly erroneous." Id.
Here, there were no statements "under oath" by post-conviction counsel regarding the reason for the untimeliness of the amended motion, only the averments in the motion requesting the motion court to consider the amended motion timely filed, which the motion court simply "rubber stamped." Accordingly, unlike the Southern District in Gale , our record is insufficient to determine whether the motion court's conclusion on the timeliness of the amended motion was not clearly erroneous.