

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| JOSEPH BARBER, | ) | No. ED106123 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Mark H. Neill |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: February 26, 2019 |

### Introduction

Joseph Barber ("Movant") appeals from the judgment denying his Rule 29.15[1] post-conviction relief motion. Because we do not have a sufficient record to review the motion court's inquiry into abandonment, we reverse and remand for the motion court to make a sufficient record of the inquiry into abandonment.

### Factual and Procedural Background

In late 2014, Movant was scheduled for a jury trial for two counts of Robbery under § 569.020[2], two counts of Armed Criminal Action under § 571.015, and one count of Resisting Arrest under § 575.150. After learning about bench trials, Movant approached his trial counsel with questions about a bench trial. The details of the conversation(s) between Movant and his trial counsel is contested. On December 1, 2014, Movant waived a jury trial in open court and

---

[1] All rule references are to Missouri Supreme Court Rules (2014) unless otherwise indicated.
[2] All statutory references are to RSMo (2014) unless otherwise indicated.

signed a written waiver of his right to a jury trial. A bench trial followed on December 2, 2014. At trial the court took the case under submission after Movant testified. No closing argument was made by the State or by Movant's trial counsel.

The court found Movant guilty on all five counts. On December 4, 2014, Movant was sentenced to five concurrent terms[3] for a total of 20 years to be served in the Missouri Department of Corrections. Movant directly appealed the verdict. On April 27, 2016, this court issued a mandate affirming the trial court's decision through a *per curiam* order.

Movant timely filed a *pro se* Rule 29.15 motion on May 26, 2016, alleging all of the following claims: identification by the alleged victims; police testimony about weapons; the line-up procedure; advice from trial counsel; conflict with trial counsel; spoliation of evidence; ineffective assistance of appellate counsel; abandonment of appellate counsel; suggestive identification procedures; ineffective assistance of trial counsel; prosecutorial misconduct; violation of RSMo § 544.170.1 (2005); violation of Rule 22.06; tampering with evidence; and trial court error.

Post-conviction counsel entered an appearance on June 30, 2016. On the same day, post-conviction counsel also moved for an additional 30 days to timely file an amended motion. No motions were filed by Movant or post-conviction counsel for seven months. On March 2, 2017, Movant filed a *pro se* motion to disqualify post-conviction counsel and appoint new counsel. On March 6, 2017, the motion court denied this motion.

On May 31, 2017, post-conviction counsel filed an amended motion accompanied by a motion ("timeliness motion") under *State v. Sanders*, 807 S.W.2d 493 (Mo. banc 1991) to treat the amended motion as timely filed due to abandonment by post-conviction counsel. The

---

[3] The court sentenced Movant to two 20 year terms for Robbery; two 3 year terms for Armed Criminal Action; and one 5 year term for Resisting Arrest. The Resisting Arrest term was vacated and amended by the motion court because Movant was improperly sentenced as a persistent offender.

amended motion included four claims of ineffective assistance of counsel, specifically: failure by trial counsel to object to sentencing as a persistent offender; failure by appellate counsel to raise the persistent offender issue on direct appeal; failure by trial counsel to obtain Movant's consent to waive jury trial ("jury waiver claim"); and failure by trial counsel to present closing argument, to inform Movant of his right to a closing argument, and to obtain consent to waive closing argument ("closing argument claim").

On June 9, 2017, nine days after the motion was filed, the motion court signed the timeliness motion ordering the amended motion to be considered timely filed without making any comment or providing any rationale. On September 27, 2017, an evidentiary hearing was held. During the hearing, the State asked the court about the status of the timeliness motion. The court replied, "Consider it granted," over the State's objection.

At the evidentiary hearing, Movant and his trial counsel testified. Movant's first two claims regarding sentencing as a persistent offender were addressed and resolved by the motion court by a resentencing at the hearing and the entry of a corrected judgment form. In its judgment, the motion court denied Movant's jury waiver claim and closing argument claim, both of which come before us on appeal. The motion court ruled Movant's jury waiver claim was "refuted by the record made at the time of movant's waiver and by the credible testimony of [trial counsel]." The motion court ruled Movant's closing argument claim was "without merit". The motion court made no findings of facts or conclusions of law on any of the claims raised in Movant's *pro se* motion. This appeal followed.

3

## Discussion

### *Untimely Amended Motion and Abandonment Inquiry*

Before reaching the merits, we must address the timeliness of the amended motion. We must determine when the amended motion was due and whether or not it was timely. *Watson v. State*, 536 S.W.3d 716, 717 (Mo. 2018). The filing deadlines for post-conviction relief cannot be waived. *Id*. If the amended motion was untimely, the motion court was required to make a record of an independent inquiry into abandonment before considering the claims and evidence presented in the amended motion. *Lampkin v. State*, 560 S.W.3d 67, 70 (Mo. App. E.D. 2018), reh'g and/or transfer denied (Oct. 22, 2018). This record must be clear enough for us to decide if the finding of abandonment was clearly erroneous. *McDaris v. State*, 843 S.W.2d 369, 371 n.1 (Mo. banc 1992). Upon review of the record, if we determine there has been no independent inquiry into abandonment or no record for us to review such inquiry, then we must reverse and remand for the motion court to conduct this inquiry. *Moore v. State*, 458 S.W.3d 822, 826 (Mo. banc 2015); see also *Lampkin,* 560 S.W.3d 67.[4]

Rule 29.15 provides that if an appeal has been taken, the amended motion shall be filed "within 60 days of the earlier of the date both the mandate of the appellate court is issued and:

> (1) Counsel is appointed, or
>
> (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 29.15(g).

Any one extension granted by the motion court cannot exceed 30 days, and the total extension by the motion court cannot exceed 60 days. *Id*.

---

[4] When "*all* claims in both the *pro se* and amended motion have been adjudicated [by the motion court] with written findings and conclusions of law, remand would be pointless." *Childers*, 462 S.W.3d at 828 (emphasis in original). Here, the motion court did not make findings or conclusions on Movant's *pro se* motion so the Childers exception does not apply.

The mandate was issued on April 27, 2016. There is no record of post-conviction counsel being appointed so the 60 days began on June 30, 2016, when defense counsel entered an appearance. Movant's amended motion was due on or about August 30, 2016.[5] Therefore, the amended motion was untimely when filed on May 31, 2017.

If possible from the record, we must determine if the finding of abandonment was clearly erroneous. *McDaris*, 843 S.W.2d at 371 n.1. The untimely filing of an amended motion by post-conviction counsel raises a presumption of abandonment. *Watson*, 536 S.W.3d at 719. The motion court must inquire into post-conviction counsel's claims and the movant's replies to these claims. *Id*.

> "The method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing. However, a sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous." *Id*.

Although *McDaris* does not provide an exhaustive list of methods of inquiry, it requires the motion court to make a sufficient record of an inquiry into the presumption of abandonment. *Id*. The motion court must independently inquire into post-conviction counsel's claims and the possibility a movant's negligence or failure to act caused the untimely filing of the amended motion. *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). If a movant's negligence or failure to act caused the untimely filing, the movant is "entitled to no relief other than that which may be afforded upon the *pro se* motion". *Id*.

Here, post-conviction counsel filed an amended motion over seven months after the filing deadline. The motion court "rubber-stamped" the accompanying timeliness motion without

---

[5] Upon entry of appearance, post-conviction counsel also filed a motion requesting 30 additional days to file an amended motion. "[E]xtensions will not be presumed to have been granted without a record thereof." *Childers*, 462 S.W.3d at 828.

making findings of fact or requiring any testimony from post-conviction counsel or Movant. The motion was signed and ordered on June 9, 2017, nine days after being filed.

"[S]imply signing and dating" a timeliness motion does not make a sufficient record for our review into the abandonment inquiry. *Lampkin*, 560 S.W.3d at 69. The motion court in *Lampkin* reiterated its decision on the timeliness motion in its findings of facts, saying, "This [c]ourt has already ruled that it will accept the untimely filed amended motion…" *Id*. In *Lampkin*, we reversed the judgment and remanded to the motion court because the record was insufficient to determine whether the motion court's conclusion on the timeliness was clearly erroneous. *Id*. at 71. The record before us is similar to *Lampkin*: a signed and dated motion and a comment during the hearing by the motion court about considering the timeliness motion granted.

The Southern District of this Court had a similar record before it in *Gale v. State*, when a motion court simply signed and dated a timeliness motion. *Gale v. State*, 508 S.W.3d 128, 130 (Mo. App. S.D. 2016). The timeliness motion in *Gale* was filed under oath by post-conviction counsel. *Id*. The Southern District decided the motion court "implicitly credited" post-conviction counsel's statements under oath. *Id*. We distinguish the *Gale* decision from *Lampkin* because the timeliness motion was not filed under oath. Compare *id*. with *Lampkin*, 560 S.W.3d at 69. As with *Lampkin*, the record before us is not sufficient to review the abandonment inquiry.

Because the record before us is not sufficient to determine if the motion court's decision to treat the amended motion as timely filed was clearly erroneous, we cannot reach the merits of this appeal. We appreciate the inconvenience abandonment issues are causing motion courts. We feel constrained by the status of the case law outlined above in reaching our decision in this case.

We must reverse and remand with instructions for the motion court to make a sufficient record of an independent inquiry into abandonment. If making such a record raises concern about Movant's negligence or failure to act and that concern overcomes the presumption of abandonment, then the motion court must consider the merits of Movant's *pro se* motion. See *Luleff*, 807 S.W.2d at 498.

 

_____
Philip M. Hess, Presiding Judge

Robert G. Dowd, Jr., J. and
Mary K. Hoff, J. concur.