

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| SCOTT W. ECKERT, | ) | |
| | ) | |
| Appellant, | ) | WD82214 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | December 31, 2019 |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Livingston County, Missouri**
**The Honorable Daren L. Adkins, Judge**

**Before Division Four:** Karen King Mitchell, Chief Judge, and
Lisa White Hardwick and Edward R. Ardini, Jr., Judges

Scott Eckert appeals, following an evidentiary hearing, the denial of his Rule 29.15 motion

for post-conviction relief.[1] Eckert preliminarily argues that appointed post-conviction counsel's

amended Rule 29.15 motion was untimely and, thus, the matter must be remanded for an inquiry

into whether Eckert was abandoned by his post-conviction counsel. In his sole point on appeal,

Eckert argues that his trial counsel was ineffective in failing to move to dismiss the charges against

Eckert because the State brought Eckert to trial after the 180-day time period proscribed by the

Uniform Mandatory Disposition of Detainers Law. We do not reach this point, however, because

---

[1] All rule references are to the Missouri Supreme Court Rules (2018), unless otherwise noted.

we agree with both parties that reversal and remand are required to determine whether Eckert was abandoned by post-conviction counsel.

## Background

Scott Eckert was convicted by a jury of three counts of the C felony of victim tampering. *State v. Eckert*, 491 S.W.3d 228, 230 (Mo. App. W.D. 2016). The facts of Eckert's crimes are thoroughly laid out in this court's opinion in Eckert's direct appeal. *Id*. at 229-30. For purposes of this appeal, the evidence can be summarized as follows: Eckert was convicted of the forcible rape of a seven-year-old girl. *Id*. While his direct appeal of that conviction was pending, Eckert wrote three letters to his teenage niece. *Id*. at 229. In those letters, Eckert asked his niece to talk to the rape victim and convince the victim to recant the accusations. *Id*. at 229-30. Those three letters were the basis for the three tampering charges. *Id*. at 230.

Following Eckert's conviction, the trial court sentenced him to consecutive terms of seven years' imprisonment on each count. *Id*. at 229. This court affirmed Eckert's convictions and sentences on direct appeal. *Id*. at 234.

Thereafter, Eckert timely filed a *pro se* Rule 29.15 motion for post-conviction relief, raising six claims of error. The motion court appointed counsel for Eckert on August 12, 2016. The amended motion was due on October 11, 2016. On August 19, 2016, appointed counsel entered her appearance and filed a motion to extend the time to file her amended motion. If the extension had been granted, the amended motion would have been due on or before November 10, 2016. But the court never ruled on the requested extension.

Appointed counsel filed her amended motion on November 10, 2016, raising four claims of error. The motion court held an evidentiary hearing on August 24, 2018, which addressed only the claims in the amended motion. The motion court denied the amended motion on September 19,

2

2019. Its judgment stated: "WHEREFORE, being fully informed the Court denies Movant's Amended Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 29.15."

This appeal follows.

**Timeliness of Amended Rule 29.15 Motion**

Eckert acknowledges in his brief that the amended motion was untimely and that this case should be remanded for an abandonment inquiry. In its brief, the State agrees. This court also agrees.

Pursuant to Rule 29.15(g), the amended motion was due sixty days after counsel was appointed. That due date was October 11, 2016. Appointed counsel requested a thirty-day extension, as permitted by Rule 29.15(g). That motion, however, was never ruled on by the motion court. "[E]xtensions will not be presumed to have been granted without a record thereof." *Lampkin v. State*, 560 S.W.3d 67, 70 (Mo. App. E.D. 2018) (internal quotation omitted) (discussing the scenario where "[p]ost-conviction counsel filed a motion requesting an additional thirty days, but there is no record that the motion was granted"). Thus, the amended motion filed on November 10, 2016, was untimely.

"The filing deadlines for post-conviction relief are mandatory, and cannot be waived." *Id*. (quoting *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018)). "Failure to timely file an amended motion raises a presumption of abandonment and requires the motion court to conduct an independent inquiry into whether movant was in fact abandoned by post-conviction counsel." *Id*. "The motion court must conduct this inquiry to determine if the merits of the amended motion should be considered." *Id*. "If the independent inquiry reveals that the movant was not abandoned

3

by post-conviction counsel, the motion court should adjudicate only the movant's initial pro se post-conviction motion." *Id.*

"When the motion court fails to conduct this independent inquiry, we must reverse and remand for a determination of the abandonment issue." *Id.* at 71. "As part of its independent inquiry, the motion court 'should inquire not only of post-conviction counsel, but should also ensure the movant is informed of counsel's response and be given an opportunity to reply.'" *Id.* (quoting *Guerra-Hernandez v. State*, 548 S.W.3d 368, 371 (Mo. App. E.D. 2018)). "The method of making this inquiry is left to the discretion of the trial court, but a sufficient record must be made to demonstrate on appeal the motion court's determination on the abandonment issue is not clearly erroneous." *Id.* (quoting *Guerra-Hernandez*, 548 S.W.3d at 371).

Eckert's evidentiary hearing proceeded only on the four claims raised in the amended motion, and the judgment referenced only the amended motion. The record before this court does not reflect that either the parties or the court addressed the untimeliness of the amended motion. To the contrary, it appears that the parties were unaware, at the time the evidentiary hearing was held, that the amended motion was untimely filed. After presenting evidence, appointed counsel asked the motion court to find that the amended motion was timely filed:

> APPOINTED COUNSEL: And Your Honor, either now or in the findings, I would ask the Court, based on judicial notice of the record . . . that this Court specifically make a finding as to timeliness of both the pro se Rule 29.15 motion which I believe was filed within the 90-day time period, on August 11, 2016, and the time limits of the filing of the amended motion on November 12—excuse me, 10th, 2016.
>
> THE COURT: Okay.
>
> APPOINTED COUNSEL: Thank you, sir. That would be most helpful. And with that, the Movant rests.

Further, we note that "[t]here is an exception to the abandonment inquiry, and remand is not necessary when the claims in movant's pro se motion are incorporated into, and thus

4

adjudicated along with, the amended motion." *Lampkin*, 560 S.W.3d at 71 n.1. "This exception does not apply in cases like this one where there are significant differences between the pro se and amended motions." *Id*.

## Conclusion

The motion court's judgment is reversed. The case is remanded for an independent inquiry into whether Eckert was abandoned by appointed counsel and for further proceedings consistent with the outcome of the court's inquiry.

_____
Karen King Mitchell, Chief Judge

Lisa White Hardwick and Edward R. Ardini, Jr., Judges, concur.

5