

# In the Missouri Court of Appeals
# Eastern District
## DIVISION THREE

| | | |
|---|---|---|
| ROY D. BROWN, | ) | No. ED107990 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable David L. Dowd |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: June 2, 2020 |

The movant, Roy D. Brown, appeals the judgment of the Circuit Court of the City of St. Louis denying his amended Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Counsel did not timely file the amended motion. The motion court did not conduct an independent abandonment inquiry, nor did the court adjudicate the claims in the movant's *pro se* motion. Therefore, we reverse and remand for the court to conduct the required inquiry to determine whether the movant was abandoned by post-conviction counsel.

*Factual and Procedural Background*

A jury convicted the movant of three counts of first-degree robbery, eight counts of second-degree robbery, one count of attempted second-degree robbery, and one count of resisting arrest. The movant waived jury sentencing, and the trial court on March 9, 2017 pronounced sentences totaling sixty years of imprisonment. This Court affirmed the movant's conviction on direct appeal in *State v. Brown*, 558 S.W.3d 105 (Mo. App. E.D. 2018).

The movant timely filed a *pro se* motion for post-conviction relief on November 9, 2018. The *pro se* motion alleged twelve bases for relief, which encompassed several claims of trial-court error as well as claims of ineffective assistance of trial counsel in failing to impeach witnesses, failing to retain an expert, failing to object to the admission of certain evidence, and failing to challenge the legality of license-plate reading technology used by police during the investigation.

The motion court appointed counsel on December 3, 2018, thus making an amended motion for post-conviction relief due sixty days later on February 1, 2019. Post-conviction counsel entered his appearance, and on January 9, 2019 filed a motion requesting an additional thirty days in which to file an amended motion. The court did not rule on the motion for additional time, so the due date for the amended motion remained February 1, 2019. Counsel untimely filed the amended motion on March 4, 2019 along with a request to permit the untimely filing pursuant to *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991).[1] Counsel alleged that he mistakenly assumed the court had granted his request for an additional thirty days in which to file the amended motion.

The amended motion alleged three bases for relief: that trial counsel was ineffective for failing to have a hearing on the motion to suppress statements, or, in the alternative, failing to order a transcript of the suppression hearing; that trial counsel was ineffective for erroneously advising the movant to waive jury sentencing; and that appellate counsel was ineffective for failing to obtain a transcript of the suppression hearing.

---

[1] If the motion court had granted counsel an additional thirty days as requested, the thirtieth day would have been March 3, 2019. Because March 3rd fell on a Sunday, the amended motion would have become due the following business day, on Monday, March 4, 2019.

The motion court denied the movant's amended motion on March 25, 2019 without conducting an abandonment inquiry and without an evidentiary hearing. While the court acknowledged in its judgment that the amended motion was filed out of time, the court's judgment did not include findings of fact and conclusions of law regarding the abandonment issue. The court addressed the merits of the movant's amended motion only, and did not address the claims contained in the *pro se* motion. The same day the court denied the amended motion, counsel filed a motion requesting that the court conduct an abandonment inquiry. The court never ruled on that motion. The movant appeals.

*Discussion*

The movant asserts four points on appeal. In his first point, the movant argues that the motion court clearly erred in failing to conduct an abandonment inquiry on the untimely filed amended motion. The additional three points on appeal assert allegations of ineffective assistance of trial and appellate counsel. Because the movant's first point is dispositive, we do not address his remaining points on appeal.

A person seeking post-conviction relief after a trial shall file a motion to vacate, set aside, or correct the judgment or sentence. Rule 29.15(b).[2] When an appeal is taken, the amended motion must be filed "within 60 days of the earlier of the date both the mandate of the appellate court is issued and: (1) Counsel is appointed, or (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 29.15(g). Under the version of the rule applicable to the movant's motion, the court could "extend the time for filing the amended motion for one additional period not to exceed 30 days." *Id*. We do not

---

[2] All rule references are to Missouri Supreme Court Rules (2017).

presume that the motion court granted an extension of time without a record of the extension. *Lampkin v. State*, 560 S.W.3d 67, 70 (Mo. App. E.D. 2018).

"The filing deadlines for post-conviction relief cannot be waived." *Barber v. State*, 569 S.W.3d 556, 559 (Mo. App. E.D. 2019). Counsel's failure to timely file either an amended motion or a statement explaining why an amended motion is not necessary raises a presumption of abandonment by appointed counsel. *Watson v. State*, 536 S.W.3d 716, 718 (Mo. banc 2018). We have a duty to enforce the mandatory timelines in the post-conviction rules, but the motion court is the appropriate forum to conduct an inquiry into abandonment. *Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015).

When an amended motion is untimely, the motion court is required to conduct an independent inquiry to determine whether abandonment occurred before considering the claims and evidence presented in the amended motion. *Moore v. State*, 458 S.W.3d 822, 826 (Mo. banc 2015); *Barber*, 569 S.W.3d at 559. As part of its independent inquiry, the motion court should inquire not only of post-conviction counsel, but should also ensure that the movant is informed of counsel's response and given the opportunity to reply. *Lampkin*, 560 S.W.3d at 71.

Although the method of making this inquiry is left to the motion court's discretion, the court must, in any event, make a sufficient record to demonstrate on appeal that its determination on the abandonment issue is not clearly erroneous. *Id*. "Upon review of the record, if we determine there has been no independent inquiry into abandonment or no record for us to review such inquiry, then we must reverse and remand for the motion court to conduct this inquiry." *Barber*, 569 S.W.3d at 559-60.

Here, the movant timely filed his *pro se* motion. The motion court appointed counsel, who sought an extension of thirty days in which to file an amended motion. The motion court did

4

not grant counsel's motion for an extension of time, and the amended motion was untimely filed. The motion court is required to conduct an independent inquiry into post-conviction counsel's reasons for the late filing, and the possibility that the movant's negligence or failure to act caused the untimely filing of the amended motion. *Id*. at 560. There is no indication in the record that the motion court conducted such an inquiry in this case. The State concedes, and we agree, that the case should be remanded so that the motion court can make an independent finding regarding abandonment.

Although counsel, in his request that the motion court accept the amended motion as timely filed, claimed sole responsibility for the untimely filing, the motion court made no record of any independent inquiry into the matter. As a result, the record before us is insufficient to determine whether the motion court's implicit decision to treat the amended motion as timely filed was clearly erroneous.[3] *Id*. at 561.

We acknowledge the exception to the abandonment inquiry established in *Childers v. State*. *Guerra-Hernandez v. State*, 548 S.W.3d 368, 371 (Mo. App. E.D. 2018). In *Childers*, we held that remand was not necessary when all of the claims in a movant's *pro se* motion have been incorporated into and adjudicated along with the claims in the amended motion. 462 S.W.3d at 828. This exception is inapplicable in cases such as this one where there are significant differences between the *pro se* and amended motions. *Guerra-Hernandez*, 548 S.W.3d at 371. Here, the amended motion contained three claims while the movant's *pro se*

---

[3] In *Gale v. State*, the motion court simply signed and dated a timeliness motion filed by post-conviction counsel. 508 S.W.3d 128, 130 (Mo. App. S.D. 2016). However, counsel in *Gale* filed the timeliness motion under oath. *Id.* The Southern District decided the motion court "implicitly credited" post-conviction counsel's statements under oath that he was solely responsible for the late filing of the amended motion. *Id.* We distinguish the *Gale* decision from the present case, and instead follow our Court's decisions in *Lampkin*, 560 S.W.3d at 71 n.1 and *Barber*, 569 S.W.3d at 561, where the timeliness motions were not filed under oath.

motion contained twelve claims, only one of which arguably was encompassed in the amended motion. Because the motion court did not make findings and conclusions on the movant's *pro se* motion, the *Childers* exception does not apply. *Barber*, 569 S.W.3d at 560 n.4.

Post-conviction counsel's untimely filing of an amended motion creates a presumption of abandonment. *Watson*, 536 S.W.3d at 719. If the motion court determines that post-conviction counsel abandoned the movant, then it should permit the untimely filing, and consider the claims in the amended motion. *Childers*, 462 S.W.3d at 828. Conversely, if the motion court determines that counsel did *not* abandon the movant, then the court should not permit the untimely filing of the amended motion, and instead should adjudicate the claims in the movant's *pro se* motion. *Id*.

Accordingly, we must remand this case so that the motion court can conduct the independent inquiry to determine if the movant was abandoned. *Watson*, 536 S.W.3d at 719 (citing *Moore,* 458 S.W.3d at 826). We acknowledge the inconvenience that abandonment issues are causing motion courts. Nonetheless, "the purposes served by remand are mandatory compliance with Missouri Supreme Court Rules and adherence to jurisdictional limitations." *Guerra-Hernandez*, 548 S.W.3d at 372.

### Conclusion

Because the motion court failed to conduct an independent abandonment inquiry and did not consider the claims asserted in the movant's *pro se* motion, we must reverse and remand for the motion court to determine whether post-conviction counsel abandoned the movant.

_____
Angela T. Quigless, Judge

6

Mary K. Hoff, P.J., and
Sherri B. Sullivan, J., concur.