

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| CLAYTON D. REEHTEN, | ) | No. ED110538 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Joseph S. Dueker |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: March 28, 2023 |

### Introduction

Clayton D. Reehten ("Movant") appeals the motion court's judgment denying his Rule 29.15 motion for post-conviction relief following an evidentiary hearing.[1] Movant raises two points on appeal. In Point I, Movant argues the motion court clearly erred in denying his motion because his trial counsel was ineffective for failing to cross-examine the State's complaining witness about a composite sketch and offer this sketch into evidence, casting doubt on the reliability of the witness's identifications. In Point II, Movant argues the motion court clearly erred in denying his motion because his trial counsel was ineffective for failing to present evidence showing Defense Exhibits 1A and 2A were saved to Movant's phone from Snapchat, explaining why no date and times were associated with the images, showing Movant did not

---

[1] All Rule citations are to the Missouri Supreme Court Rules (2019), unless otherwise indicated.

have acne or sores on his face on the days surrounding the incident, contradicting the State's complaining witness.

Because the motion court has no authority to grant an extension to file an amended motion after the filing deadline has passed without first conducting an abandonment inquiry, Movant's amended motion was untimely filed. We reverse and remand for an abandonment inquiry.

## Factual and Procedural Background

On March 29, 2018, a jury found Movant guilty of one count of first-degree burglary (Count I), three counts of armed criminal action (Counts II, IV, and VI), one count of felonious restraint (Count III), one count of first-degree robbery (Count V), and one count of unlawful possession of a firearm (Count VII). On May 18, 2018, Movant was sentenced to twenty-six years on Counts I, II, IV, V, and VI, and fifteen years on Counts III and VII, with the sentences to be served concurrently. On September 12, 2019, this Court affirmed Movant's conviction in *State v. Reehten*, 581 S.W.3d 169 (Mo. App. E.D. 2019).

On November 12, 2019, Movant timely filed a *pro se* motion to set aside his conviction under Rule 29.15. On August 6, 2020, post-conviction counsel filed an entry of appearance and requested an additional thirty days to file the amended motion. The motion court granted the request, making the amended motion due on November 4, 2020. On October 28, 2020, post-conviction counsel filed a second request for an additional thirty days to file the amended motion. On November 9, 2020, after the deadline for the amended motion passed, the motion court granted the request. This order changed the deadline for the amended motion to December 4, 2020. Post-conviction counsel filed an amended motion on December 4, 2020.

On June 30, 2021, the motion court held a partial evidentiary hearing. The evidentiary hearing was continued to October 21, 2021, for Movant to introduce additional testimony, but Movant presented no additional testimony or evidence. On March 16, 2022, the motion court issued findings of fact and conclusions of law denying Movant's amended motion.

This appeal follows.

**Discussion**

Before reaching merits, we must examine whether Movant's amended motion was timely filed. *Barber v. State*, 569 S.W.3d 556, 559 (Mo. App. E.D. 2019); *see also Moore v. State*, 458 S.W.3d 822, 826 (Mo. banc 2015)). The filing deadlines for post-conviction relief cannot be waived. *Barber*, 569 S.W.3d at 559 (citing *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018)). Rule 29.15(g) provides the amended motion "shall be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and: (1) Counsel is appointed, or (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." The motion court "may extend the time for filing the amended motion . . . with no extension exceeding 30 days individually and the total of all extensions not to exceed 60 days." Rule 29.15(g).

"The Supreme Court of Missouri has directed that any motion for an extension of time under Rule 29.15 must be made *and* granted within the time that the amended motion is due." *Jones v. State*, 643 S.W.3d 918, 921 (Mo. App. E.D. 2022) (citing *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990)) (emphasis original). The motion court "has no authority to grant a request for an extension of time filed after the time to file the amended motion has passed." *Id.* (citing *Clemmons*, 785 S.W.2d at 527).

3

"The untimely filing of an amended motion by postconviction counsel creates a presumption of abandonment." *Watson v. State*, 536 S.W.3d 716, 719 (Mo. banc 2018) (citing *Vogl v. State*, 437 S.W.3d 218, 230 (Mo. banc 2014)). Where an amended motion is untimely filed, the motion court is "required to make a record of an independent inquiry into abandonment before considering the claims and evidence presented in the amended motion." *Barber*, 569 S.W.3d at 559 (citing *Lampkin v. State*, 560 S.W.3d 67, 70 (Mo. App. E.D. 2018)). "This record must be clear enough for us to decide if the finding of abandonment was clearly erroneous." *Id.* (citing *McDaris v. State*, 843 S.W.2d 369, 371 n.1 (Mo. banc 1992)). "Upon review of the record, if we determine there has been no independent inquiry into abandonment or no record for us to review such inquiry, then we must reverse and remand for the motion court to conduct this inquiry." *Earl v. State*, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021), *reh'g and/or transfer denied* (June 28, 2021), *transfer denied* (Oct. 5, 2021) (quoting *Brown v. State*, 602 S.W.3d 846, 850 (Mo. App. E.D. 2020)). "If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." *Moore*, 458 S.W.3d at 825 (citing *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991)). But, "[i]f the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing." *Id.* (citing *Sanders*, 807 S.W.2d at 495).

Here, on August 6, 2020, post-conviction counsel filed an entry of appearance and requested an additional thirty days to file the amended motion. The motion court granted the request, making the amended motion due on November 4, 2020. On October 28, 2020, post-conviction counsel filed a second request for an additional thirty days to file the amended motion. Movant remained obligated to file his amended motion by November 4, 2020, unless the

motion court granted post-conviction counsel's second request for an extension to file an amended motion before November 4, 2020. *See Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015) ("Assuming that a request will be granted does not relieve counsel of the obligation to actually make the request if additional time is needed, and extensions will not be presumed to have been granted without a record thereof."); *see also Brewer v. State*, ED 110321, 2022 WL 17587743, at *3 (Mo. App. E.D. Dec. 13, 2022), *reh'g and/or transfer denied* (Jan. 17, 2023).

The record shows the motion court did not grant Movant's second extension request until November 9, 2020, five days after the November 4, 2020 deadline, making the ruling untimely. *See Brewer*, 2022 WL 17587743, at *3. "Because a motion court lacks authority to grant an extension ***after the time in which the amended motion was due***, the motion court's second extension of the deadline was not effective." *Id.* (emphasis original). Thus, the deadline for filing the amended motion remained November 4, 2020, making Movant's filing on December 4, 2020, untimely. *See id.*

Movant argues the exception to Rule 29.15's mandatory filing deadlines for amended motions applies. *See Childers*, 462 S.W.3d at 828. We disagree. "Missouri recognizes that remand for an abandonment inquiry is not needed 'where all of the claims in both the *pro se* and amended motion have been adjudicated with written findings of fact and conclusions of law[.]'" *Little v. State*, 652 S.W.3d 390, 394 (Mo. App. E.D. 2022) (quoting *Childers*, 462 S.W.3d at 828); *see also Brewer*, 2022 WL 17587743, at *4. Here, the record shows Movant's *pro se* motion contains claims not found within the amended motion, and the motion court only ruled on the claims in the amended motion. Because Movant did not explicitly plead certain claims argued in his *pro se* motion, but not in his amended motion, the motion court found it "need not

address" the *pro se* motion and would "solely address[] Movant['s] claims as set forth in his [a]mended [m]otion." Thus, the exception allowing review when all claims in both motions are adjudicated does not apply. *See Little*, 652 S.W.3d at 394 (quoting *Childers*, 462 S.W.3d at 828); *see also Brewer*, 2022 WL 17587743, at *4.

Because the motion court has no authority to grant an extension to file an amended motion after the filing deadline has passed without first conducting an abandonment inquiry, Movant's amended motion was untimely filed. "When the independent inquiry is required but not done, this Court will remand the case because the motion court is the appropriate forum to conduct such an inquiry." *Moore*, 458 S.W.3d at 826 (citing *Sanders*, 807 S.W.2d at 495). The result of the inquiry into abandonment determines whether the motion court should adjudicate the initial *pro se* motion or the amended motion. *Id.* (citing *Sanders*, 807 S.W.2d at 495). Thus, the motion court's judgment is reversed, and the case is remanded for the motion court to conduct an independent inquiry to determine if Movant was abandoned. *Id.*

### Conclusion

The judgment is reversed and remanded to the trial court for an abandonment inquiry into whether Movant was abandoned by his appointed counsel.

_____
Philip M. Hess, Judge

Kelly C. Broniec, P.J. and
James M. Dowd, J. concur.

6