

# In the Missouri Court of Appeals
## Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| GREGORY E. SADDLER, | ) | No. ED111852 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 2022-CC01064 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Timothy J. Boyer |
| | ) | |
| Respondent. | ) | Filed: March 26, 2024 |

### Introduction

Gregory Saddler ("Movant") appeals the denial of his Rule 29.15 amended motion for post-conviction relief. The record before us is insufficient to demonstrate that the motion court conducted an independent inquiry into whether post-conviction counsel abandoned Movant by untimely filing the amended motion. We therefore reverse and remand the case for the motion court to make a sufficient record of an independent abandonment inquiry.

### Procedural Background

The State charged Movant with robbery in the first degree, armed criminal action, and unlawful possession of a firearm stemming from the armed robbery of a gas station convenience store on the night of April 9, 2017. The case proceeded to trial, and a jury found Movant guilty on all three counts.

Movant appealed his conviction to this Court. This Court affirmed Movant's conviction and sentence via a *per curiam* order and memorandum on March 10, 2020. *State v. Saddler*, 595 S.W.3d 583 (Mo. App. E.D. 2020). The mandate issued on April 2, 2020.

On May 26, 2020, Movant timely filed a *pro se* Rule 29.15 motion for post-conviction relief, in which he brought various claims of ineffective assistance of trial and appellate counsel.[1] On August 3, 2020, the motion court appointed the public defender's office to represent Movant in the post-conviction proceedings. An amended post-conviction relief motion was due to be filed on or before October 2, 2020. On October 13, 2020, eleven days after the amended motion was due to be filed, Movant's counsel filed a motion for an extension of time to file the amended motion. The motion court did not rule on the motion for extension of time.

On December 6, 2020, Movant's counsel untimely filed Movant's Rule 29.15 amended motion. The amended motion alleged a single claim of ineffective assistance of trial counsel for failing to object based on the best evidence rule to testimony regarding surveillance video of the robbery. That claim differed from the claims in Movant's original *pro se* Rule 29.15 motion.

Also on December 6, 2020, counsel filed a motion to consider Movant's amended motion timely filed pursuant to *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). In the motion, counsel represented that she did not realize that the motion court had not granted her previous motion for an extension of time, counsel needed to contact Movant before filing the amended motion, and Movant was not at fault for the untimely filing of the amended motion. The representations in the *Sanders* motion were not under oath or included in an affidavit.

Based on counsel's representations in the *Sanders* motion, the motion court issued findings of fact and conclusions of law finding post-conviction counsel abandoned Movant and deeming

---

[1] All rule references are to the Missouri Supreme Court Rules.

the amended motion timely filed. The motion court thus took up Movant's claim of ineffective assistance of counsel in the amended motion. Ultimately, the motion court concluded trial counsel was not ineffective for failing to object at trial because a best evidence objection would have been meritless. The motion court therefore denied Movant's amended motion without an evidentiary hearing.

Movant subsequently filed a motion under Rule 78.07(c) to amend the order and judgment to include findings that the motion court conducted an abandonment inquiry before concluding that post-conviction counsel abandoned Movant. The motion court did not rule on Movant's Rule 78.07(c) motion.

Movant now appeals.

## Discussion

Before addressing the merits of Movant's appeal, we must first address the undisputed untimeliness of the Rule 29.15 amended motion. *Earl v. State*, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021); *Barber v. State*, 569 S.W.3d 556, 559 (Mo. App. E.D. 2019).

"The filing deadlines for post-conviction relief motions are mandatory and cannot be waived." *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018) (internal quotation marks omitted); *Earl*, 628 S.W.3d at 699. When an amended post-conviction relief motion is untimely filed, the motion court must make a record of an independent inquiry into whether counsel abandoned the movant in failing to timely file the motion before it can consider the merits of the amended motion. *Earl*, 628 S.W.3d at 699; *Schilling v. State*, 628 S.W.3d 452, 456 (Mo. App. E.D. 2021). "The motion court should inquire not only of post-conviction counsel, but should also ensure that the movant is informed of counsel's response and given the opportunity to reply." *Earl,* 628 S.W.3d at 700 (quoting *Brown v. State,* 602 S.W.3d 846, 850 (Mo. App. E.D. 2020)).

If the motion court finds that the movant was abandoned, that is, the untimely filing of the amended motion was solely the fault of post-conviction counsel, the motion court shall deem the amended motion timely filed and may consider the claims in the amended motion. *Earl*, 628 S.W.3d at 700; *Schilling*, 628 S.W.3d at 456; *Lampkin v. State*, 560 S.W.3d 67, 70 (Mo. App. E.D. 2018). If the movant's negligence or failure to act caused the untimely filing, the motion court shall not permit the untimely filing of the amended motion and may consider only the claims in the movant's timely filed *pro se* motion. *Earl*, 628 S.W.3d at 700; *Schilling*, 628 S.W.3d at 456; *Barber*, 569 S.W.3d at 560.

Without a sufficient record of an independent abandonment inquiry, this Court is unable to ascertain on appeal which post-conviction motion the motion court was permitted to adjudicate. *See Earl*, 628 S.W.3d 700. "Upon review of the record, if we determine there has been no independent inquiry into abandonment or no record for us to review such inquiry, then we must reverse and remand for the motion court to conduct this inquiry." *Id.* (quoting *Brown*, 602 S.W.3d at 850); *see also Lampkin*, 560 S.W.3d at 71 ("When the motion court fails to conduct this independent inquiry, we must reverse and remand for a determination of the abandonment issue.").

The method of the abandonment inquiry is left to the motion court's discretion, and may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel. *Milner v. State,* 551 S.W.3d 476, 480 (Mo. banc 2018); *Earl*, 628 S.W.3d at 700. The motion court can satisfy this inquiry by various means, "including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing." *Barber,* 569 S.W.3d at 560 (quoting *McDaris v. State*, 843 S.W.2d 369, 371 n.1 (Mo. banc 1992)). That said, the Supreme Court of Missouri has made clear that, whatever the method, "a sufficient record must be made to demonstrate on appeal the motion court's determination on the abandonment

issue is not clearly erroneous." *Milner*, 551 S.W.3d at 480 (quoting *McDaris*, 843 S.W.2d at 371 n.1).

In the present case, the motion court's abandonment inquiry consisted of its reliance on counsel's unsworn representations in the *Sanders* motion that counsel did not realize that the motion court had not granted the previous motion for an extension of time, counsel needed to contact Movant before filing the amended motion, and Movant was not at fault for the untimely filing of the amended motion.

This Court repeatedly has held that unsworn statements in *Sanders* motions do not create a sufficient record to demonstrate that the motion court's abandonment determination is not clearly erroneous. *See Earl*, 628 S.W.3d at 701 (reversing and remanding for sufficient record of independent abandonment inquiry where *Sanders* motion was not filed under oath); *Barber*, 569 S.W.3d at 561 (holding record insufficient to review abandonment inquiry because timeliness motion was not filed under oath, and court therefore was constrained to reverse and remand for motion court to make sufficient record of independent abandonment inquiry); *Lampkin*, 560 S.W.3d at 71 n.1 (holding record insufficient to determine whether motion court's determination of timeliness of amended motion was not clearly erroneous where "there were no statements 'under oath' by post-conviction counsel regarding the reason for the untimeliness of the amended motion, only the averments in the motion requesting the motion court to consider the amended motion timely filed"); *see also Schilling*, 628 S.W.3d at 457 (holding motion court's express consideration of post-conviction counsel's sworn affidavit sufficient to satisfy motion court's duty to conduct independent abandonment inquiry and distinguishing "numerous insufficient records that have been before us in the past," in which "the record lacked any sworn statement by counsel"). Given this authority, the State acknowledges that, if the record on appeal is insufficient due to the lack of

a sworn statement by post-conviction counsel, the case must be remanded for a more thorough abandonment inquiry.

Because the motion court's determination that Movant was abandoned by counsel was based exclusively on counsel's unsworn representations in the *Sanders* motion, the motion court did not create a sufficient record to demonstrate that its determination of the abandonment issue was not clearly erroneous. We therefore are constrained to reverse the motion court's order and remand the case for the motion court to make a sufficient record of an independent abandonment inquiry.

## Conclusion

The motion court's order is reversed and the case is remanded for the motion court to make a sufficient record of an independent abandonment inquiry consistent with this opinion.

_____
Cristian M. Stevens, J.,

Robert M. Clayton III, P.J., and
Philip M. Hess, J., concur.