

# Missouri Court of Appeals

## Southern District

### Division Two

ALVEY GLEN GALE, )
)
    Movant-Appellant, )
)
v. ) No. SD34119
)
STATE OF MISSOURI, ) **Filed: June 30, 2016**
)
    Respondent-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable John D. Beger

**<u>AFFIRMED</u>**

Alvey Glen Gale ("Movant") was convicted of second-degree statutory rape after a jury trial, and this court affirmed his conviction on direct appeal in an unpublished opinion. *State v. Gale*, No. SD28855, slip op. at 1 (Mo. App. S.D. Dec. 17, 2008) (*per curiam*). Movant now appeals the denial of his amended Rule 29.15 motion after an evidentiary hearing.[1] His sole point claims his trial counsel was ineffective for failing to include in his motion for acquittal or new trial "that the admission of [a] videotaped interview of [the victim] improperly bolstered [the victim]'s trial testimony." Movant claims he was prejudiced by the omission

> in that, had the specific allegation been made, the motion would have
> properly been granted, and even if the motion was not granted, this issue
> would have been reviewed on appeal for error rather than the higher standard

---

[1] All rule references are to Missouri Court Rules (2016).

of plain error, and a reasonable probability exists that the appellate court would have reversed [Movant]'s conviction.

We disagree and affirm the denial of post-conviction relief.

*Preliminary Matter–Amended Motion Untimely Filed*

This court issued its mandate affirming Movant's conviction on January 5, 2009. Movant timely filed his *pro se* Rule 29.15 motion one week later. On August 4, 2009, the motion court made the following docket entry: "Court appoints public defendant [sic] to represent [Movant]. Copy of Order placed in Public Defender's box for advisement." No request for an extension of time to file an amended motion was made, making the amended motion due on or before Monday, October 5, 2009 (October 3rd fell on a Saturday). *See* Rules 29.15(g) and 44.01(a). An amended motion was not filed until February 1, 2010 – well after the deadline had passed. "When an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry under *Luleff* [*v. State*, 807 S.W.2d 495 (Mo. banc 1991)], to determine if abandonment occurred.'" **Moore v. State**, 458 S.W.3d 822, 825 (Mo. banc 2015) (quoting **Vogl v. State**, 437 S.W.3d 218, 228-29 (Mo. banc 2014)).

The description in **Luleff** of what the motion court should do if an amended motion is untimely filed -- and the record does not indicate that appointed counsel made the determinations required by Rule 29.15(e) -- is to "make inquiry, *sua sponte*, regarding the performances of both movant and counsel." **Luleff**, 807 S.W.2d at 498.

> If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. *Sanders*[ *v. State*], 807 S.W.2d [493,] 495 [(Mo. banc 1991)]. *See also Luleff*, 807 S.W.2d at 498 ("If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion."). If the motion court determines

2

that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing.

*Moore*, 458 S.W.3d at 825-26.

The methods contemplated for accomplishing this task were described as follows in

*McDaris v. State*, 843 S.W.2d 369, 371 n.1 (Mo. banc 1992):

> The method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing. However, a sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous.

Here, the untimely amended motion was filed by District Defender Stephen J. Harris of the Columbia office of the Missouri State Public Defender system ("Mr. Harris" or "post-conviction counsel"), and it was attached to a "Motion to Consider Amended Motion Under Rule 29.15 as Timely Filed" ("the timeliness motion"). In the timeliness motion, post-conviction counsel stated, under oath, that

> [t]he late filing of the amended motion [was] not due to any action or inaction on the part of Movant. Movant has fully cooperated with undersigned counsel in this activity. Rather, the untimely filing of the amended motion is due to notice of appointment of counsel not being received by undersigned counsel until after the deadline to file had passed, and the heavy caseload currently handled by undersigned counsel. The late filing cannot be attributed to Movant.

The motion court granted the timeliness motion and, as earlier noted, denied relief on the claims contained in the amended motion after conducting an evidentiary hearing.

In so acting, the motion court implicitly credited post-conviction counsel's statements and determined that the late filing of the amended motion was not due to Movant's negligence or intentional failure to act. *See Moore*, 458 S.W.3d at 826; *Luleff*, 807 S.W.2d at 498. We also find the record sufficient to determine that these implicit

3

findings were not clearly erroneous. *See **McDaris***, 843 S.W.2d at 371 n.1. Because the motion court correctly permitted the untimely filing of the amended motion and proceeded to resolve its claims on the merits, *see **Moore***, 458 S.W.3d at 826, we now address the merits of Movant's claim on appeal.

**Facts**

Movant does not claim that his conviction was not supported by sufficient evidence, and we recite only the facts relevant to Movant's point. In doing so, we rely only on the evidence most favorable to the jury's verdict, and we mention contrary evidence only to provide context for Movant's claim.

On September 3, 2005, M.F. ("Victim") was fourteen years old and resided with her mother ("Mother"). Mother and several of her friends, including Movant, had been using drugs that day. By late evening, only Victim, Mother, Mother's boyfriend, and Movant remained in the house. At some point in the early hours of the following morning, Victim went to use the bathroom. Movant came in behind her, threatened to kill her if she made any noise, and raped her. A few days later, Victim informed Mother of the rape, the police were called, Movant was arrested, and Victim participated in a videotaped forensic interview conducted by a child abuse investigator with the Children's Division of the Missouri Department of Social Services ("CD").

Movant was subjected to a custodial interrogation by a deputy sheriff. At the conclusion of the proceeding, Movant provided a written statement and wrote an "apology" letter to Victim. In that letter, Movant did not directly admit responsibility for the rape, but he wrote "[i]f I did do what you said I did then [p]lease forgive me for it." The letter stated

4

that Movant did not remember committing the offense, but it said that Movant was getting

some help for his problems, particularly drug and alcohol abuse.  Movant then wrote:

> I forget things and do things that I would never dream of doing when I[']m
> on the drugs and the alcahol [sic].  I don[']t want you to think that I think
> your [sic] lyeing [sic] on this, you have never lied to me before.  I just want
> you to try to at least understand that it wasn[']t me doing those things that
> night.  It was the drugs in me that were messing my head up and makeing
> [sic] me the way I was.

Victim was the State's first witness at Movant's trial, and she testified about what

Movant had done to her in a manner consistent with her videotaped interview and the facts

set forth above.  On cross-examination, defense counsel attempted to impeach Victim's

credibility by using portions of sworn testimony Victim had given in a pre-trial deposition

that differed from her trial testimony about, among other things, the time of day and day of

the week on which the rape took place.

After the CD investigator testified about how she had conducted her videotaped

interview of Victim, the State offered the entire videotape into evidence.  Movant objected

to its admission on the grounds of hearsay, violation of Movant's confrontation rights, legal

prejudice (more unfairly prejudicial than probative), "and it is also bolstering the State's

case."  The prosecutor responded that the videotape was admissible to "clear[] up in the

juror's [sic] minds as to with [sic] some contradictions that might be there as to dates and

times and places and exact things she said then."  Although the dispute about the

admissibility of the videotape had been brought to the trial judge's attention before the trial

began, the trial court chose not to review the videotape before making its ruling and allowed

the videotape to be played for the jury in its entirety.

Movant's subsequent motion for judgment of acquittal notwithstanding the verdict or

new trial did not preserve the claim that the videotaped interview was inadmissible on the

ground that it impermissibly bolstered Victim's trial testimony. Thus, when the claim was raised on direct appeal, we reviewed it only for plain error under Rule 30.20.

**Analysis**

Movant's point claims trial counsel was ineffective for failing to include in his motion for acquittal or new trial "that the admission of the videotaped interview of [Victim] improperly bolstered [Victim]'s trial testimony." Movant claims he was prejudiced by the omission "in that, had the specific allegation been made, the motion would have properly been granted, and even if the motion was not granted, this issue would have been reviewed on appeal for error rather than the higher standard of plain error, and a reasonable probability exists that the appellate court would have reversed [Movant]'s conviction."

Movant's assertion that if trial counsel had included the improper bolstering objection in his motion for acquittal or new trial the motion "would have properly been granted" by the trial court strikes us as a non-justiciable hypothetical. More importantly, an assertion that something *could* "properly" have been done by the trial court is not a claim that what *was* done constituted reversible error. This portion of Movant's claim fails.

As to the other portion of his prejudice claim, the State correctly notes in its brief that the failure to preserve an issue for appeal is not cognizable in a post-conviction relief motion asserting ineffective assistance of counsel. *McLaughlin v. State*, 378 S.W.3d 328, 345 (Mo. banc 2012); *McCauley v. State*, 380 S.W.3d 657, 662 (Mo. App. S.D. 2012). Any failure by counsel to preserve an error for appellate review, by its nature, does not affect the fairness of the trial itself, *McLaughlin*, 378 S.W.3d at 354-55, and "[i]t is well-settled that post-conviction relief based on ineffective assistance of counsel is limited to errors which

6

prejudiced a movant by denying that movant the right to a fair trial." ***Scott v. State***, 183

S.W.3d 244, 248 (Mo. App. E.D. 2005).

Movant's point is denied, and the denial of post-conviction relief is affirmed.


DON E. BURRELL, P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS