In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

STEVEN EARL, ) No. ED109213
 )
 Appellant, ) Appeal from the Circuit Court
 ) of the City of St. Louis
v. )
 )
STATE OF MISSOURI, ) Honorable Michael F. Stelzer
 )
 Respondent. ) Filed: May 18, 2021

 The movant, Steven Earl, appeals the order denying his amended Rule 29.15 motion for

post-conviction relief without an evidentiary hearing. Movant’s amended motion was not timely

filed, and the motion court made no record of any independent inquiry into the reasons for the

untimely filing, as required. Therefore we must reverse the motion court’s order and remand the

cause for the motion court to undertake and make a sufficient record of that inquiry.

 Factual and Procedural Background

 Movant was convicted of one count of first-degree child molestation and three counts of

third-degree assault after a jury trial. The trial court sentenced Movant, as a prior and persistent

offender, to fifteen years’ imprisonment. This Court affirmed Movant’s convictions and

sentences on direct appeal. State v. Earl, 490 S.W.3d 797 (Mo. App. E.D. 2016). We issued

our mandate on June 24, 2016.

 Movant timely filed a pro se motion to vacate, set aside, or correct the judgment or

sentences on August 29, 2016. Movant set forth sixteen claims for relief, all alleging trial-court

 1
error. The motion court appointed counsel on January 3, 2017. Counsel entered his appearance

as attorney of record for Movant on February 24, 2017. On that same day, counsel moved for an

additional thirty days to file an amended motion. The amended motion was due March 6, 2017.

 The motion court did not rule on this motion for additional time until April 4, 2017. The

motion court granted the motion. Counsel filed an amended motion the following day, April 5,

2017. Movant set forth four claims for relief in his amended motion, all alleging ineffective

assistance of trial counsel. He also requested an evidentiary hearing.

 Two days later, on April 7, 2017, counsel filed a Sanders motion requesting that the

motion court treat the amended motion as timely filed. Sanders v. State, 807 S.W.2d 493 (Mo.

banc 1991). 1 Counsel stated that he did his best to file Movant’s amended motion on April 4,

2017; that he was not able to file the amended motion until 12:00 a.m. on April 5, 2017; that the

motion was technically untimely by about 30 seconds; and that the untimely filing was

attributable to counsel’s high caseload and his desire to give Movant’s case the attention it

deserved despite counsel’s high caseload. Counsel argued the motion court should permit

Movant’s amended motion and proceed as if it was timely filed because the untimely filing of the

amended motion was in no way attributable to Movant or to Movant’s negligence or intentional

conduct. The motion court never expressly ruled on this Sanders motion.

 The motion court denied Movant’s request for an evidentiary hearing in November of

2018 and took the cause under advisement. The motion court denied Movant’s amended motion

on August 17, 2020. Regarding the timeliness of Movant’s amended motion, the motion court

merely stated “counsel was granted additional time within which to file an amended motion and

an amended motion was timely filed on April 5, 2017.” The motion court made no findings of

1
 The Supreme Court of Missouri in Sanders held the motion court should consider an untimely-filed amended
motion for post-conviction relief as having been timely filed if the untimely filing resulted exclusively from
counsel’s action or inaction. Sanders, 807 S.W.2d at 495.

 2
facts or conclusions of law on any of the claims raised in Movant’s pro se motion. Movant now

appeals.

 Discussion

 Before reaching the merits of an appeal, we must first examine the timeliness of amended

motions in each post-conviction case on appeal. Moore v. State, 458 S.W.3d 822 (Mo. banc

2015); Johnson v. State, 613 S.W.3d 512, 515 (Mo. App. E.D. 2020). If the amended motion

was untimely, the motion court was required to conduct an independent inquiry into the reason

for the untimely filing, to determine if post-conviction counsel abandoned the movant, before

considering the claims and evidence presented in the amended motion. Moore, 458 S.W.3d at

825; Johnson, 613 S.W.3d at 515. The motion court must also make a sufficient record of the

inquiry. Brown v. State, 602 S.W.3d 846, 850 (Mo. App. E.D. 2020). “Upon review of the

record, if we determine there has been no independent inquiry into abandonment or no record for

us to review such inquiry, then we must reverse and remand for the motion court to conduct this

inquiry.” Id. Though this Court has a duty to enforce the mandatory timelines in the post-

conviction rules, the motion court is the appropriate forum to conduct an inquiry into

abandonment. Id. at 849; Sanders, 807 S.W.2d at 495.

 Rule 29.15 provides that where, as here, an appeal of the judgment sought to be vacated,

set aside, or corrected is taken, the amended motion for post-conviction relief shall be filed

within sixty days of the earlier of the date both the mandate of the appellate court is issued and:

(1) counsel is appointed, or (2) an entry of appearance is filed by any counsel who is not

appointed but enters an appearance on behalf of movant. Rule 29.15(g). Under the version of

the rule applicable to Movant’s motion, the motion court could extend the time for filing the

amended motion for one additional period not to exceed thirty days. Rule 29.15(g). “The filing

 3
deadlines for post-conviction relief are mandatory, and cannot be waived.” Watson v. State, 536

S.W.3d 716, 717 (Mo. banc 2018)(internal quotations omitted). Further, we do not presume the

motion court granted an extension of time without a record of the extension. Childers v. State,

462 S.W.3d 825 (Mo. App. E.D. 2015); Brown, 602 S.W.3d at 849.

 Here, the motion court appointed counsel on January 3, 2017, after this Court issued its

mandate. Therefore, Movant’s amended motion was due sixty days later, on March 6, 2017. 2

Appointed counsel, within this sixty-day time period to file an amended motion, moved for a

thirty-day extension. The motion court, however, did not rule on that motion until April 4, 2017,

well outside the sixty-day time period to file an amended motion. Though the motion court

granted an extension, the motion court lacked discretion to rule on the motion at this late date.

See Clemmons v. State, 785 S.W.2d 524, 527 (Mo. banc 1990)(holding the discretion of the court

to extend the time for filing an amended motion is limited to an exercise of that discretion within

the period in which to file the amended motion). Therefore, the due date for the amended motion

remained March 6, 2017. Hence, the amended motion filed on April 5, 2017, was untimely. 3

 The untimely filing of an amended motion raises a presumption of abandonment by

counsel. Latham v. State, 554 S.W.3d 397, 399 (Mo. banc 2018); Moore, 458 S.W.3d at 825;

Sanders, 807 S.W.2d at 495. As noted, when an untimely amended motion is filed, the motion

court has a duty to undertake an independent inquiry into the reasons for the untimely filing, to

determine whether counsel abandoned the movant. Moore, 458 S.W.3d at 825. The motion

court must inquire into counsel’s claims as well as the possibility a movant’s negligence or

2
 The sixtieth day from the date of counsel’s appointment was actually March 4, 2017. Because this was a Saturday,
by operation of Rule 44.01(a), the amended motion became due Monday, March 6, 2017, the next day which was
neither a Saturday, Sunday, or a legal holiday.
3
 If the motion court had timely granted the thirty-day extension, Movant’s amended motion filed on April 5, 2017,
would have been timely filed. Movant’s amended motion was initially due on March 6, 2017, sixty days after
appointment of counsel. A timely-granted thirty-day extension would have made Movant’s amended motion due on
April 5, 2017.

 4
failure to act caused the untimely filing of the amended motion. Johnson, 613 S.W.3d at 515.

The motion court must undertake such an inquiry because the result of the inquiry into

abandonment determines which motion—the initial pro se motion or the amended motion—the

court should adjudicate. Moore, 458 S.W.3d at 826. If the motion court determines the untimely

filing resulted from the movant’s negligence or intentional conduct, the movant is “‘entitled to

no relief other than that which may be afforded upon the pro se motion.’” Barber v. State, 569

S.W.3d 556, 560 (Mo. App. E.D. 2019)(quoting Luleff v. State, 807 S.W.2d 495, 498 (Mo. banc

1991)). In such a case, the motion court shall not permit the untimely filing of the amended

motion, and instead should adjudicate the claims in the movant’s pro se motion. Sanders, 807

S.W.2d at 495; Brown, 602 S.W.3d at 851. Conversely, if the motion court determines the

untimely filing resulted “exclusively from counsel’s action or inaction,” the court shall consider

the amended motion as having been timely filed and proceed to adjudicate the amended motion

according to the provisions of the rule. Sanders, 807 S.W.2d at 495.

 The method of making this inquiry is left to the motion court’s discretion, and may be as

formal or informal as the motion court deems necessary to resolve the question of abandonment

by counsel. Milner v. State, 551 S.W.3d 476, 480 (Mo. banc 2018)(internal quotation omitted);

Johnson, 613 S.W.3d at 517. “The motion court should inquire not only of post-conviction

counsel, but should also ensure that the movant is informed of counsel’s response and given the

opportunity to reply.” Brown, 602 S.W.3d at 850. Critically, the motion court must make a

sufficient record to demonstrate on appeal that its determination on the abandonment issue is not

clearly erroneous. Johnson, 613 S.W.3d at 517; Brown, 602 S.W.3d at 850. Simply signing and

dating – “rubber stamping” – counsel’s Sanders motion “is not a sufficient inquiry and does not

provide a sufficient record to demonstrate on appeal that the motion court’s abandonment issue

 5
determination is not clearly erroneous.” Lampkin, 560 S.W.3d at 71; Barber, 569 S.W.3d at 561.

We do not presume the motion court undertook an independent inquiry into the reasons for an

untimely filing when the record is insufficient. See, e.g., Brown,602 S.W.3d at 850-51.

 Here, the amended motion was untimely, and the motion court had a duty to undertake

an independent inquiry into the reasons for the late filing, and to make a sufficient record of that

inquiry. The motion court did not do so. Though counsel, in his Sanders motion, claimed sole

responsibility for the untimely filing, the motion court made no record of any independent

inquiry into the matter. Though “rubber stamping” a motion is insufficient, the motion court

here did not even sign or date counsel’s Sanders motion. There is no indication in the record of

any contact with Movant on this issue. The motion court merely noted in its order denying

Movant’s claims for post-conviction relief that the amended motion was timely filed. This is

insufficient to show that the motion court conducted an independent inquiry into the reasons for

the late filing of the amended motion. Though at first blush it may seem obvious why the motion

was untimely filed – because the motion court untimely ruled on the motion for additional time –

we will not import or presume such a finding. There could have been other less-obvious reasons

for the untimely filing. The record before us is not sufficient to determine if the motion court’s

decision to treat the amended motion as timely filed was clearly erroneous. Accordingly, we are

compelled to reverse and remand the case to the motion court. Brown, 602 S.W.3d at 850;

Barber, 569 S.W.3d at 561.

 We acknowledge the Southern District’s Gale decision, in which the Court found remand

for independent inquiry unnecessary. Gale v. State, 508 S.W.3d 128 (Mo. App. S.D. 2016).

There, counsel filed an untimely amended motion for post-conviction relief, accompanied with

motion to consider the amended motion timely filed. Id. at 130. Counsel asserted under oath

 6
that the late filing of the amended motion was not the movant’s fault but was the result of

counsel’s late receipt of the notice of appointment of counsel, as well as counsel’s heavy

caseload. Id. The motion court granted the motion to consider the amended motion timely filed

and then denied the amended motion following an evidentiary hearing. Id. The Southern

District found that in granting the timeliness motion, the motion court “implicitly credited”

counsel’s statements in the timeliness motion and “determined that the late filing of the amended

motion was not due to the movant’s negligence or intentional failure to act.” Id. The Court

further found the record sufficient to determine that the implicit findings were not clearly

erroneous. Id. Accordingly, the Court held the motion court correctly permitted the untimely

filing of the amended motion. Id. Though counsel in this case similarly claimed the late filing

was not attributable to Movant, we distinguish Gale from this case, because the Sanders motion

here was not filed under oath. We thus follow this Court’s decisions in Lampkin v. State, 560

S.W.3d 67 (Mo. App. E.D. 2018); Barber v. State, 569 S.W.3d 556 (Mo. App. E.D. 2019); and

Brown v. State, 602 S.W.3d 846 (Mo. App. E.D. 2020), which reversed and remanded for the

motion court to make a sufficient record of an independent inquiry into abandonment.

 We also acknowledge the exception to the abandonment inquiry established in Childers,

wherein we held remand was not necessary where all of the claims in a movant’s pro se motion

had been incorporated into and adjudicated along with the claims in the amended motion.

Childers, 462 S.W.3d at 828. This exception, however, is inapplicable here. The claims for

relief in Movant’s pro se motion were significantly different and distinct from those in his

amended motion. Movant’s pro se motion contained sixteen separate claims for relief, all

alleging trial-court error, while his amended motion contained four claims for relief, all alleging

ineffective assistance of counsel. The pro se claims were neither incorporated into the amended

 7
motion nor did the motion court make findings or conclusions on the pro se claims when

rendering its order in this case. The Childers exception does not apply here.

 Conclusion

 Movant’s amended motion was not timely filed, and the motion court made no record of

any independent inquiry into the reasons for the untimely filing, as required. Therefore, we must

reverse and remand this case for the motion court to undertake and make a sufficient record of

that inquiry. We appreciate the resulting inconvenience and additional time in a case that has

already spanned nearly five years, but we are constrained by case law precedent. Moreover, “the

purposes served by remand are mandatory compliance with Missouri Supreme Court Rules and

adherence to jurisdictional limitations.” Brown, 602 S.W.3d at 851 (internal quotation omitted).

 We reverse the motion court’s order and remand this cause to the motion court for further

proceedings consistent with this opinion.

 _____________________________
 Angela T. Quigless, P.J.

Kurt S. Odenwald, J. and
James M. Dowd, J., concur.

 8