In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

 CHRISTINA HALTER, ) No. ED108973
 )
 Appellant, ) Appeal from the Circuit Court of
 ) St. Francois County
 vs. )
 ) Honorable Jerel L. Poor II
 STATE OF MISSOURI, )
 )
 Respondent. ) Filed: June 29, 2021

 Introduction

 Christina Halter (“Movant”) appeals the motion court’s judgment denying her amended

Rule 29.151 motion for post-conviction relief without an evidentiary hearing. Movant contends

the motion court clearly erred by failing to conduct an independent inquiry into whether she was

abandoned under Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991). Because there is no record

demonstrating the motion court conducted an independent inquiry into whether Movant was

abandoned, we reverse and remand.

 Factual Background

 Movant was convicted, following a jury trial, of two counts of Medicaid fraud, two

counts of financial exploitation of a disabled person, one count of failure to file an income tax

return, one count of failure to pay an income tax return, and one count of attempting to evade or

1
 All rule references are to the Missouri Supreme Court Rules (2017), unless otherwise indicated.
defeat income tax. She was sentenced to thirty years in the Missouri Department of Corrections

and ordered to pay $115,000 in restitution. This Court affirmed Movant’s convictions on direct

appeal but remanded for resentencing on the two counts of financial exploitation of a disabled

person to exclude restitution in State v. Halter, 583 S.W.3d 68 (Mo. App. E.D. 2018). This

Court issued its mandate on April 12, 2019.

 On May 16, 2019, Movant timely filed her pro se Rule 29.15 motion. The following day,

the motion court appointed counsel to represent Movant. On June 26, 2019, counsel filed an

entry of appearance and requested a thirty-day extension to file an amended motion. The motion

court did not rule on the extension motion.

 On January 3, 2020, the motion court made this docket entry:

 Cause is called. Movant appears not. State appears by Assistant Prosecuting
 Attorney, Kayla Womble. Case is passed to February 14, 2020 at 9:00 a.m.,
 Division I. Deadline to file Motion for Leave to Amend Petition is February 13,
 2020.

 On January 30, 2020, counsel filed an untimely amended motion on Movant’s behalf.

That same day, counsel filed a “Verified Affidavit and Motion for Court to Consider Movant’s

Amended Motion as Timely Filed Under Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991).”

This filing contained an affidavit from counsel stating Movant was not at fault for the late filing

of the amended motion and counsel was solely responsible because she “needed additional time

to properly investigate this case, had some health issues that resulted in several missed work

days, and was overburdened by an excessive caseload.” On February 14, 2020, Movant filed a

“Verified Affidavit of Movant” which stated Movant was not at fault for the late filing of the

amended motion and Movant “wishe[d] to proceed on the claims raised in her amended motion

and not her pro se Form 40.”

 2
 On March 16, 2020, the motion court entered its order and judgment denying Movant’s

amended Rule 29.15 motion without an evidentiary hearing. The judgment did not rule on

Movant’s pro se Rule 29.15 motion. The judgment did not address whether Movant was

abandoned by counsel. Movant moved to amend the motion court’s judgment “to include a

ruling on the timeliness of [Movant]’s pro se and amended motions pursuant to Sanders v. State,

807 S.W.2d 493 (Mo. banc 1991).” The motion court did not rule on Movant’s motion to

amend the judgment.

 This appeal follows.

 Standard of Review

 “Review of a Rule 29.15 judgment is limited to a determination of whether the motion

court’s findings of fact and conclusions of law are clearly erroneous.” Moore v. State, 328

S.W.3d 700, 702 (Mo. banc 2010). “Findings and conclusions are clearly erroneous if, after

reviewing the entire record, there is a definite and firm impression that a mistake has been

made.” Id.

 Discussion

 Movant’s sole point on appeal argues the motion court clearly erred by failing to

“conduct an abandonment inquiry” and “hold an abandonment hearing or rule on the

abandonment issue to determine whether abandonment occurred.”2 The State argues the motion

court conducted an abandonment inquiry because it received affidavits from both counsel and

Movant stating Movant was not at fault and Movant’s counsel was solely responsible for the late

2
 The State argues Movant violated Rule 84.04 because her point relied on does not argue the motion court failed to
expressly rule on her abandonment claim but the argument portion of her brief does. The State maintains Movant’s
argument the motion court failed to rule on her abandonment claim is waived. We disagree. Movant’s point relied
on sufficiently argues the motion court failed to conduct an independent abandonment inquiry and rule on the
abandonment issue. Further, “[t]he filing deadlines for post-conviction relief are mandatory and cannot be waived.”
Johnson v. State, 612 S.W.3d 256, 259 (Mo. App. E.D. 2020).

 3
filing of the amended motion. The State acknowledges the motion court’s judgment did not

address whether Movant was abandoned by counsel but argues the motion court implicitly ruled

on the abandonment issue by adjudicating Movant’s amended motion.3

 When a defendant appeals his or her conviction, the amended motion for post-conviction

relief shall be filed “within [sixty] days of the earlier of the date both the mandate of the

appellate court is issued and: (1) Counsel is appointed, or (2) An entry of appearance is filed by

any counsel that is not appointed but enters an appearance on behalf of movant.” Brown v. State,

602 S.W.3d 846, 849 (Mo. App. E.D. 2020) (emphasis added) (quoting Rule 29.15(g)). “The

filing deadlines for post-conviction relief are mandatory and cannot be waived.” Johnson v.

State, 612 S.W.3d 256, 259 (Mo. App. E.D. 2020). When appointed counsel fails to file an

amended post-conviction motion before the deadline, it is presumed appointed counsel

abandoned the movant “because the filing of an amended motion indicates that counsel

determined there was a sound basis for amending the initial motion but failed to file the amended

motion timely.” Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015). “As a result, the motion

court has a duty to conduct and make a record of an independent inquiry into whether movant

was in fact abandoned by post-conviction counsel before considering the claims and evidence

presented in the amended motion.” Showalter v. State, 607 S.W.3d 804, 806 (Mo. App. E.D.

2020).

 “The method of making this inquiry may be as formal or informal as the motion court

deems necessary to resolve the question of abandonment by counsel, including, but not limited

3
 The State also argues Movant lacks standing to bring this appeal because “she was ‘not aggrieved’ in that she
received the relief she requested” in her affidavit filed with the motion court—i.e., that the motion court adjudicate
the amended motion and not her pro se motion. This argument ignores the mandatory nature of the filing deadlines
for a Rule 29.15 motion for post-conviction relief. See id. (“The filing deadlines for post-conviction relief are
mandatory and cannot be waived”). The motion court must conduct an abandonment inquiry to comply with
Missouri Supreme Court Rules and adhere to jurisdictional limitations. McAllister v. State, 600 S.W.3d 300, 303
(Mo. App. E.D. 2020) (quoting Guerra-Hernandez v. State, 548 S.W.3d 368, 372 (Mo. App. E.D. 2018)).

 4
to, a written response and opportunity to reply, a telephone conference call, or a hearing.”

McDaris v. State, 843 S.W.2d 369, 371 n.1 (Mo. banc 1992). “To adequately review the issue of

abandonment of counsel, the record must be clear enough for the appellate court to decide

whether or not the motion court’s finding with respect to abandonment was clearly erroneous.”

Johnson, 612 S.W.3d at 259. “Upon review of the record, if we determine there has been no

independent inquiry into abandonment or no record for us to review such inquiry, then we must

reverse and remand for the motion court to conduct this inquiry.” Showalter, 607 S.W.3d at 806

(emphasis added).

 Here, it is undisputed the amended motion was untimely filed. Counsel was appointed on

May 17, 2019. While counsel requested a thirty-day extension to file an amended motion, the

motion court did not rule on counsel’s request. “We do not presume that the motion court

granted an extension of time without a record of the extension.” Brown, 602 S.W.3d at 849.

Accordingly, the amended motion was due July 16, 2019, sixty days after counsel was appointed.

The amended motion filed on January 30, 2020, was untimely and raised a presumption of

abandonment. Moore, 458 S.W.3d at 825. Given this untimely filing, the motion court had to

conduct an independent inquiry into whether Movant was abandoned by counsel. Showalter,

607 S.W.3d at 806.

 The record before us does not reflect the motion court made any independent inquiry into

abandonment. Although counsel and Movant submitted affidavits to the motion court stating

counsel was at fault for the untimely filing of the amended motion, the motion court did not

indicate in its docket entries or judgment it considered or believed that evidence. The motion

court made no record of any independent inquiry into the matter. The record before us is

insufficient to determine whether the motion court’s implicit decision to treat the amended

 5
motion as timely was clearly erroneous.4 See generally Garcia v. State, 617 S.W.3d 526 (Mo.

App. E.D. 2021) (reversing and remanding where the motion court made no record of an

independent inquiry regarding whether movant was abandoned by counsel and did not indicate it

believed or disbelieved affidavits from both counsel and movant stating counsel was at fault for

the late filing of the amended motion); Brown, 602 S.W.3d 846 (reversing and remanding where

the motion court made no record of an independent inquiry regarding whether movant was

abandoned by counsel although counsel claimed sole responsibility for the late filing in his

timeliness motion). Further, the motion court did not adjudicate Movant’s claims asserted in her

pro se Rule 29.15 motion.5

 “It is this Court’s duty to enforce the mandatory timelines in the post-conviction rules,

but the motion court is the appropriate forum to conduct inquiries into abandonment.” Childers

v. State, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015). Because there is no record demonstrating

the motion court conducted an independent inquiry into whether Movant was abandoned, we

4
 We are aware of the decision in Gale v. State, 508 S.W.3d 128, 130 (Mo. App. S.D. 2016), in which the movant’s
amended motion was also untimely and post-conviction counsel filed a motion to consider the amended motion
timely filed. In his motion to consider the amended motion timely filed, post-conviction counsel asserted under oath
that the late filing of the amended motion was not the movant’s fault but was the result of post-conviction counsel’s
late receipt of the notice of appointment of counsel. Id. The motion court signed and dated the timeliness motion
and denied the amended motion following an evidentiary hearing. Id. The Southern District held the motion court
“implicitly credited” post-conviction counsel’s statements under oath in his timeliness motion and found “the record
[was] sufficient to determine that these implicit findings were not clearly erroneous.” Id. Here, the affidavits
regarding the reason for the untimeliness of the amended motion filed by both counsel and Movant were under oath.
However, unlike in Gale, the motion court did not sign and date counsel’s timeliness motion. Gale is
distinguishable.
5
 “There is an exception to the abandonment inquiry, and remand is not necessary when the claims in movant’s pro
se motion are incorporated into, and thus adjudicated along with, the amended motion.” Lampkin v. State, 560
S.W.3d 67, 71 n.1 (Mo. App. E.D. 2018); see also Childers v. State, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015).
“This exception does not apply . . . where there are significant differences between the pro se and amended
motions.” Lampkin, 560 S.W.3d at 71 n.1. Here, Movant alleged roughly twenty separate claims for vacating her
convictions and sentences in her pro se Rule 29.15 motion while the amended motion asserted only six claims. The
motion court also only made findings and conclusions relative to the six claims contained in the amended motion.
Thus, this exception does not apply.

 6
must reverse and remand with instructions for the motion court to make a sufficient record of

such inquiry. Id.; Harness v. State, 611 S.W.3d 909, 913 (Mo. App. W.D. 2020).6

 Conclusion

 The motion court’s judgment is reversed. The case is remanded to the motion court to

conduct an independent inquiry into whether Movant was abandoned by counsel and for further

proceedings consistent with the outcome of that inquiry.

 _______________________________
 Philip M. Hess, Judge

Gary M. Gaertner, Jr., P.J. and
Michael E. Gardner, J. concur.

6
 Although the method of making an independent inquiry into abandonment “may be as formal or informal as the
motion court deems necessary,” a “sufficient record” of that inquiry must be made. McDaris v. State, 843 S.W.2d
369, 371 n.1 (Mo. banc 1992). An extra sentence or two in the motion court’s Findings of Fact and Conclusions of
Law would have been sufficient. See Pittman v. State, 504 S.W.3d 76, 81 (Mo. App. E.D. 2016) (holding the
motion court made a sufficient record of its abandonment inquiry by explaining why it chose to consider the claims
and evidence in the amended motion rather than the movant’s pro se motion in its findings of fact and conclusions
of law).

 7