In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

 JERRY A. HARLEY, ) No. ED109228
 )
 Appellant, ) Appeal from the Circuit Court of
 ) the City of St. Louis
 vs. )
 ) Honorable Michael F. Stelzer
 STATE OF MISSOURI, )
 )
 Respondent. ) Filed: October 19, 2021

 Introduction

 Jerry Allen Harley, Jr. (“Movant”) appeals from the order and judgment of the motion court

denying his amended Rule 24.035 motion without an evidentiary hearing, which found that

Movant failed to prove his plea counsel was ineffective.1 Movant raises two points on appeal. In

his first point, Movant argues that the motion court clearly erred in denying his amended Rule

24.035 motion without an evidentiary hearing because his plea counsel was ineffective for

inducing him to plead guilty by making him believe that pleading guilty was the only option

available to him, and not telling him that he could go to trial. In his second point, Movant argues

that the motion court clearly erred in failing to conduct an abandonment inquiry after it failed to

rule on the two motions filed by his appointed counsel requesting extensions of time to file an

amended motion prior to the filing deadline. According to Movant, this rendered his amended

1
 All rule references are to Missouri Supreme Court Rules (2019).
motion untimely and created a presumption that he had been abandoned, which in turn necessitated

an abandonment inquiry. Because the issue of whether Movant was abandoned affects whether

the claims in his amended motion were waived, we reverse and remand for an abandonment inquiry

without addressing Movant’s first point.

 I. Factual and Procedural Background

 In 2015, Movant was charged in the City of St. Louis with one count of felony unlawful

possession of a firearm and one count of felony resisting or interfering with arrest (the “2015

Charges”). Movant was represented by counsel in connection with the 2015 Charges and pled

guilty to both in April of 2016. Movant was subsequently sentenced as a prior and persistent

offender to a term of imprisonment of 10 years on the unlawful possession of a firearm charge and

5 years on the felony resisting or interfering with arrest charge, with the sentences to run

concurrently. However, the execution of both sentences was suspended and Movant was placed

on two years’ probation for the unlawful possession of a firearm charge. Movant was also ordered

to complete a 120-day shock incarceration program in connection with both charges, which he

completed and was released from on November 22, 2016.

 In December of 2018, while still on probation in connection with the 2015 Charges,

Movant was charged in the City of St. Louis with one count of the Class D felony of possession

of a controlled substance (the “2018 Charge”). On December 18, 2018, Movant pled guilty to the

2018 Charge, and was sentenced to a term of imprisonment of 5 years. The plea and sentencing

hearing for the 2018 Charge also served as a probation revocation hearing in connection with the

2015 Charges, wherein Movant admitted to violating the conditions of his probation. Accordingly,

the plea judge ordered execution of the original sentences for the 2015 Charges, which were to run

concurrent to one another, and the newly-imposed sentence for the 2018 Charge was also ordered

 2
to run concurrent to the sentences for the 2015 Charges. Movant was given credit for all time

served in custody and 12 months credit for time served on probation. On or about January 2, 2019,

Movant was placed in the custody of the Missouri Department of Corrections to serve his

sentences.

 On May 6, 2019, Movant filed a Form 40 Pro Se Motion to Vacate, Set Aside or Correct

Judgment or Sentence under Rule 24.035 (the “Pro Se Motion”). While the Pro Se Motion was

timely with respect to the 2018 Charge, it was untimely with respect to the 2015 Charges. Movant

was subsequently found to be indigent and post-conviction counsel was appointed on July 16,

2019. On October 18, 2019, the transcript from the plea and sentencing hearing for the 2018

Charge, which also included the probation revocation hearing regarding the 2015 Charges (the

“Transcript”), was filed in connection with the Pro Se Motion. The filing of the Transcript

triggered the 60-day deadline to file an amended motion under Rule 24.035(g), making the

amended motion due on December 17, 2019, absent any timely filed (and granted) extensions of

time. Movant’s post-conviction counsel filed two motions requesting extensions of time to file an

amended motion pursuant to Rule 24.035(g) (on July 31, 2019, and January 14, 2020). On

February 18, 2020, Movant’s counsel filed an amended motion pursuant to Rule 24.035(g) (the

“Amended Motion”), which raised additional grounds for post-conviction relief. However, the

Amended Motion was filed 123 days after the Transcript was filed.2

 On August 7, 2020, the motion court purported to grant Movant’s two requests for an

additional 30 days to file the Amended Motion. On August 25, 2020, the motion court issued its

2
 If Movant’s two requests for extension of time to file the Amended Motion had been timely granted, Movant would
have had a total of 120 days after the Transcript was filed to file an amended motion, which was February 15, 2020,
a Saturday. The following Monday, February 17, was a state holiday (President Washington’s birthday). Under Rule
44.01(a), the amended motion would have been due the next business day, Tuesday, February 18, 2020. Therefore, if
Movant’s requests for extensions had been timely granted, the Amended Motion would have been timely.

 3
Findings of Fact, Conclusions of Law and Order, which denied Movant’s Amended Motion

without an evidentiary hearing. On October 5, 2020, Movant filed his Notice of Appeal, and this

appeal followed.

 II. Discussion

 Before reaching the merits of an appeal involving post-conviction relief, we must first

examine the timeliness of an amended motion in each case. Moore v. State, 458 S.W.3d 822, 825

(Mo. banc 2015) [hereinafter Moore 2015]; Johnson v. State, 613 S.W.3d 512, 515 (Mo. App. E.D.

2020).

 When post-conviction counsel is appointed to an indigent person, an amended motion

seeking post-conviction relief filed beyond the deadline can constitute the “abandonment” of the

movant. Moore 2015, 458 S.W.3d at 825; see also Price v. State, 422 S.W.3d 292, 298 (Mo. banc

2014).3 If an amended motion seeking post-conviction relief is untimely, the motion court is

required to conduct an independent inquiry into the reason for the untimely filing to determine

whether post-conviction counsel abandoned the movant, which must be done before considering

the merits of the amended motion and the evidence in support. Moore 2015, 458 S.W.3d at 825;

Johnson, 613 S.W.3d at 515.

 The issue of abandonment is important because abandonment by appointed counsel extends

the time limitations for filing an amended motion seeking post-conviction relief. Moore 2015, 458

S.W.3d at 825; Moore v. State, 934 S.W.2d 289, 290 (Mo. banc 1996). Specifically, “[i]f the

motion court determines that the movant was abandoned by appointed counsel’s untimely filing

of an amended motion, the court is directed to permit the untimely filing.” Moore 2015, 458

3
 Although Moore 2015 and Price involved motions filed pursuant to Rule 29.15 (rather than Rule 24.035), this does
not affect our analysis because the relevant portions of Rule 29.15 are identical to those of Rule 24.035, and “case law
interpreting a provision that is identical in both rules applies equally in proceedings under either rule.” Vogl v. State,
437 S.W.3d 218, 224 n.7 (Mo. banc 2014).

 4
S.W.3d at 826; see also Sanders v. State, 807 S.W.2d 493, 495 (Mo. banc 1991). On the other

hand, “[i]f the motion court finds that a movant has not been abandoned, the motion court should

not permit the filing of the amended motion and should proceed with adjudicating the movant’s

initial motion.” Moore 2015, 458 S.W.3d at 825. The motion court must also make a sufficient

record of the abandonment inquiry. Brown v. State, 602 S.W.3d 846, 850 (Mo. App. E.D. 2020).

“Upon review of the record, if we determine there has been no independent inquiry into

abandonment or no record for us to review such inquiry, then we must reverse and remand for the

motion court to conduct this inquiry.” Id.

 This case is governed by the 2019 version of Rule 24.035(g), which addresses the filing of

amended motions for post-conviction relief after a guilty plea, and provides, in pertinent part, as

follows:

 If no appeal of the judgment sought to be vacated, set aside, or corrected is taken,
 the amended motion or statement in lieu of an amended motion shall be filed within
 60 days of the earlier of the date both a complete transcript consisting of the guilty
 plea and sentencing hearing has been filed in the trial court and: (1) Counsel is
 appointed, or (2) An entry of appearance is filed by any counsel that is not appointed
 but enters an appearance on behalf of the movant.

Rule 24.035(g) further states that the motion court “may extend the time for filing the amended

motion or statement in lieu of an amended motion, with no extension exceeding 30 days

individually and the total of all extensions not to exceed 60 days.” However, a motion court’s

discretion to grant a requested extension of time to file an amended motion for post-conviction

relief is limited to an exercise of that discretion within the time period to file the amended motion.

Earl, 2021 WL 1972620, *2 (Mo. App. E.D. May 18, 2021) (motion for rehearing and/or transfer

to Supreme Court denied June 28, 2021); see also Clemmons v. State, 785 S.W.2d 524, 527 (Mo.

banc 1990).

 5
 “The filing deadlines for post-conviction relief are mandatory, and cannot be waived.”

Watson v. State, 536 S.W.3d 716, 717 (Mo. banc 2018) (internal quotation marks omitted). We

do not presume the motion court granted an extension of time without a record of the extension.

Childers v. State, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015); see also Brown, 602 S.W.3d at 849.

 In this case, the Transcript was filed on October 18, 2019, making any amended motion

originally due on December 17, 2019. As noted, Movant’s appointed counsel filed the first of two

extension requests on July 31, 2019, which needed to be granted on or before December 17, 2019,

in order to be effective, and would have pushed the filing deadline to January 16, 2020. Movant’s

counsel filed the second extension request on January 14, 2020, which needed to be granted on or

before January 16, 2020, in order to be effective, and would have effectively pushed the filing

deadline to Tuesday, February 18, 2020.4 However, as noted, neither extension request was timely

granted, as the motion court did not purport to grant them until August 7, 2020, well after the

aforementioned deadlines, leaving December 17, 2019, as the operative filing deadline. Earl, 2021

WL 1972620 at *2; Clemmons, 785 S.W.2d at 527. Therefore, because the Amended Motion itself

was not filed until February 18, 2020, 123 days after the Transcript was filed, it was also untimely

under Rule 24.035(g).

 The untimely filing of an amended motion for post-conviction relief raises a presumption

of abandonment by counsel. Latham v. State, 554 S.W.3d 397, 399 (Mo. banc 2018); Moore 2015,

458 S.W.3d at 825. As noted, when an untimely amended motion is filed, the motion court has a

duty to undertake an independent inquiry into the reasons for the untimely filing to determine

whether counsel abandoned the movant. Id. Specifically, the motion court must inquire into

counsel’s claims and the possibility that the movant’s negligence or failure to act caused the

4
 See supra note 2.

 6
untimely filing of the amended motion. Johnson, 613 S.W.3d at 515. The motion court must

undertake such an inquiry because the result of the issue of abandonment determines which

motion—the initial pro se motion or the amended motion—the court should review and adjudicate.

Moore 2015, 458 S.W.3d at 826. If the motion court determines the untimely filing resulted from

the movant’s negligence or intentional conduct, the movant is “entitled to no relief other than that

which may be afforded upon the pro se motion.” Barber v. State, 569 S.W.3d 556, 560 (Mo. App.

E.D. 2019) (internal quotations omitted). In such cases, the motion court shall not permit the

untimely filing of the amended motion, and instead should adjudicate the claims in the movant’s

pro se motion. Sanders, 807 S.W.2d at 495; Brown, 602 S.W.3d at 851. However, if the motion

court determines that the untimely filing “resulted exclusively from counsel’s action or inaction,”

the court shall consider the amended motion as having been timely filed and proceed to adjudicate

the amended motion according to the provisions of the rule. Sanders, 807 S.W.2d at 495.

 In this case, because the Amended Motion was clearly untimely, the motion court had a

duty to undertake an independent inquiry into the reasons for the late filing and to make a sufficient

record of that inquiry. However, because the motion court did not do so, we are compelled to

reverse and remand to the motion court. Brown, 602 S.W.3d at 850; Barber, 569 S.W.3d 561.

 Finally, as this Court recently did in Earl, 2021 WL 1972620 at *3, we also acknowledge

the Southern District’s decision in Gale v. State, 508 S.W.3d 128 (Mo. App. S.D. 2016), which

found that remand for an independent abandonment inquiry was not necessary. In Gale, post-

conviction counsel filed an untimely amended motion for post-conviction relief accompanied by

a motion to consider the amended motion timely filed. Id. at 130. Post-conviction counsel

asserted, under oath, that the late filing of the amended motion was not the movant’s fault, but was

the result of counsel’s late receipt of the notice of appointment of counsel and counsel’s heavy

 7
caseload. Id. The motion court granted the motion to consider the amended motion timely filed

but denied the amended motion itself following an evidentiary hearing. Id. Gale ultimately found

that in granting the timeliness motion, the motion court had “implicitly credited” counsel’s

statements in the timeliness motion and “determined that the late filing of the amended motion was

not due to [m]ovant’s negligence or intentional failure to act.” Id. Gale further found the record

sufficient to determine that the implicit findings were not clearly erroneous. Id. Accordingly,

Gale held that the motion court correctly permitted the untimely filing of the amended motion. Id.

 In this case, however, no such statement by Movant’s post-conviction counsel is included

in the record on appeal, and we would not expect to find any such statement because the motion

court purported to grant the two requests for extensions of time to file the Amended Motion (albeit

without authority to do so), and the motion court ultimately ruled on the merits of the Amended

Motion itself (also without the authority to do so). Thus, Gale is inapposite in this regard.

Accordingly, we follow this Court’s decisions in Lampkin v. State, 560 S.W.3d 67 (Mo. App. E.D.

2018); Barber, 569 S.W.3d at 556; and Brown, 602 S.W.3d at 846, each of which reversed and

remanded for the motion court to make a sufficient record of an independent inquiry into

abandonment under facts substantially similar to those in this case.

 Movant’s second point on appeal is granted. Because it would be improper to address the

underlying merits of the Amended Motion prior to a determination of whether Movant was

abandoned, we decline to address Movant’s first point on appeal.

 III. Conclusion

 It is undisputed that Movant’s Amended Motion was not timely filed under Rule 24.035(g).

Furthermore, because the motion court purported to grant Movant’s two requests for extensions of

time to file the Amended Motion well after the deadlines for doing so, and also ruled on the merits

 8
of the Amended Motion, the motion court made no record of an independent inquiry into the

reasons for the untimely filing, as required. Therefore, we must reverse and remand this case for

the motion court to undertake an independent abandonment inquiry and make a sufficient record

of that inquiry. Although an abandonment inquiry causes additional delay in resolving the merits

of either Movant’s Pro Se Motion or Amended Motion, we must follow the case law precedent

nonetheless. Brown, 602 S.W.3d at 851 (“[T]he purposes served by remand are mandatory

compliance with Missouri Supreme Court Rules and adherence to jurisdictional limitations”

(internal quotations omitted)).

 For these reasons, we hereby reverse the motion court’s order and judgment denying

Movant’s Amended Motion without an evidentiary hearing and remand this case to the motion

court for an independent inquiry into whether Movant was abandoned by his appointed counsel

and for further proceedings consistent with the outcome of the court’s abandonment inquiry and

this opinion.

 _______________________________
 Kelly C. Broniec, Judge

Kurt S. Odenwald, P.J. and
John P. Torbitzky, J. concur.

 9